## PATRICK McDONOUGH *vs.* GEORGE W. GILMAN.

Restoring a structure which was a nuisance to a right of way, and which has been abated, will render a tenant for years liable, although the structure existed before the commencement of his tenancy; but merely refitting it after it has been injured but not abated will not render him liable.

A tenant for years is not liable for keeping a nuisance as it used to be before the commencement of his tenancy, if he has not been requested to remove it, or done any new act which of itself was a nuisance.

A notice to a tenant for years to remove a nuisance which is only kept by him as it used to be before the commencement of his tenancy must be distinct and unequivocal, in order to lay the foundation of an action against him for its continuance.

CHAPMAN, J. The plaintiff's declaration in this case is very loose and inartificial; but the amended count on which he relies states in substance that he has a right of way, as therein described, and that the defendant has obstructed it by erecting and maintaining on a part of it a staircase, privy and vault. On the trial it appeared that these structures were placed there not by the tenant, who is a lessee for years, but by his lessors and that his lease contains the following clause: " The passageways around the said buildings " (the leased premises) " are reserved by the lessors, who hereby lease only the right of such

use thereof as may be necessary for the enjoyment of the buildings aforesaid." One of these passage-ways is the way in question; and the fee of the land is in the lessors, subject to the plaintiff's right of way. The privy and vault existed before the defendant became tenant, about eighteen years ago. It does not appear when the staircase was built.

The instruction to the jury that if they found the privy was a nuisance, and the plaintiff abated it, and the defendant restored it, he is liable, was correct. For in such case the existing nuisance would have been erected by him, and not by his lessor. But the instruction does not appear to be applicable to the facts as reported. It is stated that " on one occasion the plaintiff commenced beating down said staircase with his axe, when the defendant restrained him therefrom ; and on one occasion the plaintiff beat off the boards from said privy, and the defendant refitted it." It is not stated that the plaintiff removed the frame of the privy. He merely knocked off the boards, which would make it none the less a nuisance, and the defendant merely refitted it, which did not make it any more a nuisance than before. The act would be merely keeping and maintaining it, not erecting it. It would be like the case of *Beswick* v. *Cunden*, Cro. Eliz. 520. In that case the declaration alleged that the defendant kept and maintained a bank by which a brook was caused to flow around the plaintiff's land. The court said : " There is not here any offence committed by the defendant; for he alledgeth that he kept and maintained a bank, which is that he kept it as he found it ; and it is not any offence done by him, for he did not do anything ; and if it were a nuisance before his time, it is not any offence in him to keep it." And the case is distinguished from other cases where every using is a new nuisance, as the using of an aqueduct which takes water wrongfully from another. There every turning of the cock to let the water flow is a new nuisance. The act of refitting the privy must have been an act which rendered it more a nuisance to the passage-way than it would otherwise have been, to make the defendant liable as an erector of the nuisance.

The act of the defendant in restraining the plaintiff from

beating down the staircase with an axe is not embraced in this ruling, and the character and circumstances of the act do not fully appear.

The other instructions excepted to were as follows: " That if the privy and staircase were an obstruction of the plaintiff's right of way, then the tenant is liable to an action, if the obstruction continued, and if he occupied the premises after notice was given to him by the plaintiff to remove the obstructions, although they were erected by his landlord; and that the law does not prescribe the kind of notice which should thus be given by the plaintiff to the defendant to remove said obstructions;" and he submitted the question to the jury, whether such notice had or had not been given. The report states all the evidence of notice that was offered, and it is as follows : " The plaintiff complained to the defendant of the erection of the staircase, at the time when it was erected; and on another occasion the plaintiff asked the defendant how he thought he could drive a team with two tons of coal by said stairway to his house." His attempting to beat down the staircase with an axe, and knocking the boards off from the privy are not a notice. The court are of opinion that this instruction was not quite correct.

In *Penruddock's case*, 5 Co. 100, *b*, it was resolved that an action lies against one who erects a nuisance, without any request made to abate it, but not against the feoffee, unless he does not reform the nuisance after request made. In *Winsmore* v. *Greenbank*, Willes, 583, *Penruddock's case* is referred to, with the remark that the law is certainly so. In 2 Chit. Pl. (6th Amer. ed.) 770, n., pleaders are advised to allege in the declaration a special request to remove the nuisance, in actions against the grantee of the premises. In *Pierson* v. *Glean*, 2 Green, (N. J.) 37, Hornblower, C. J. says, " The law as settled in *Penruddock's case* has never, I believe, been seriously questioned since." This action was for maintaining a dam erected by a former owner, and it was held that it could not be maintained without a request to reform the nuisance.

In *Woodman* v. *Tufts*, 9 N. H. 92, the same doctrine is held, and the court proceed to say: " And the question arises, what

that request must be. It undoubtedly must be so distinctly and definitely stated as to convey clearly the ground of the complaint, with a notice that the plaintiff will not longer submit to the continuance of the cause of the injury." " No particular form of words is required." This does not quite come up to the law of *Penruddock's case.*

We think that there should be, in some unequivocal lan guage, a request to the tenant to reform or remove a nuisance, before he can be held liable for its continuance. It is not unreasonable to hold the plaintiff who proceeds against the lessee to this strictness. The landlord or grantor himself is liable, notwithstanding his lease or grant, for the continuance of the nuisance. This was settled in *Roswell* v. *Prior*, 12 Mod. 635. In that case the plaintiff had recovered against the defendant for erecting a building which stopped the plaintiff's ancient lights. The defendant had granted over the ground with the nuisance to another, and contended that he was no longer liable, but that the action should be against the lessee. But the court said, " Surely this action is well brought against the erector, for before his assignment over he was liable for all consequential damages, and it shall not be in his power to discharge himself by granting it over, and more especially here, where he grants over, reserving rent, whereby he agrees with the grantee that the nuisance should continue, and has a recompense, viz., the rent for the same ; for surely when one erects a nuisance, and grants it over in that manner, he is a continuer with a witness." But the tenant, who merely enters upon the premises and occupies them under an obligation to pay rent for the whole and to commit no waste, cannot reasonably be regarded as a wrongdoer, till the party injured distinctly and unequivocally complains to him of the injury, and informs him that he is expected to act in the matter and remove it. In *Ryppon* v. *Bowles*, Cro. Jac. 373, it is said that Coke, C. J. inclined to the opinion that a tenant for years is not liable for the mere occupation of a building erected by his lessor, and which obstructs the plaintiff's lights, because his tearing down the building would be waste as to his landlord.

In the present case, the language proved does not amount to a request, and the jury should have been so instructed; for though verbal communications áre to be construed by the jury under instructions from the court, yet when a communication cannot by any fair interpretation be regarded as a sufficient notice or request, the jury should be so instructed as to its meaning. *Exceptions sustained.*

*C. H. Hudson,* for the plaintiff.

*T. L. Wakefield,* for the defendant.